**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | **Case No.** 20-mj-2027DPR |
| **JAMES D. COLLINS,** | |
| Defendant. | |

**MOTION OF THE UNITED STATES FOR PRETRIAL
DETENTION HEARING PURSUANT TO TITLE 18,
UNITED STATES CODE, SECTION 3142(f)**

The United States of America, by the United States Attorney for the Western District of Missouri, does hereby move that the Court order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure Defendant's appearance as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that Defendant committed the offense of possession, with intent to distribute, a mixture or substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C);

2. Defendant poses a risk to the safety of others in the community; and

3. Defendant poses a flight risk.

**SUPPORTING SUGGESTIONS**

Subsection 3142(f) of Title 18 of the United States Code provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure a defendant's appearance and the safety of any other person in

the community if the attorney for the Government moves for such a hearing and if the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801 *et seq*.) for which imprisonment for 10 years or more is possible. In this case, Defendant is charged with possession, with intent to distribute, a mixture or substance containing a detectable amount of fentanyl, a crime for which a sentence 20 years' imprisonment is possible.

The Government further submits that, in light of the Complaint filed in this case, there is probable cause to believe Defendant violated 21 U.S.C. § 841(a)(1) and (b)(1)(C). Section 3142(e) provides that a presumption that a defendant will not appear for subsequent court appearances arises if the offense is one enumerated under the Controlled Substance Act. Accordingly, the Government contends that, upon a showing that there exists probable cause that Defendant committed the offense of possession, with intent to distribute, a mixture or substance containing a detectable amount of fentanyl, there is a legal presumption, subject to rebuttal by Defendant, that no condition or combination of conditions will reasonably assure Defendant's appearance or assure the safety of the community. *See United States v. Apker*, 964 F.2d 742, 743–44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069–70 (8th Cir. 1988).

Additionally, under the Bail Reform Act, there is a presumption that the likelihood of flight increases with the severity of the charges, the strength of the Government's case, and the penalty that conviction could bring. *See Apker*, 964 F.2d at 744; *see also United States v. Soto Rivera*, 581 F.Supp 561 (D.C. Puerto Rico 1984); *United States v. Menster*, 481 F.Supp. 1117 (D.C. Fla. 1979).

Section 3142(g) lists the factors this Court should consider in determining whether the Court can fashion conditions that will "reasonably assure the appearance of the person as required and the safety of any other person and the community." These factors include: (1) the nature and the circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3)

the history and the characteristics of the defendant, including his or her criminal history, and; (4) the nature and the seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *Tortora,* 922 F.2d at 885–86. Danger to the community does not only refer to physical violence, but extends to any likely conduct that will harm the community, including the potential for continued criminal activity. *United States v. Tortora,* 922 F.2d 880 (1st Cir. 1990).

To further support the Government's contention that Defendant is a risk to the safety of the community and presents a flight risk, the Government offers that:

1. Since the beginning of October 2019, the Springfield, Missouri, metropolitan area has experienced numerous suspected heroin and/or fentanyl overdoses. The media has reported on multiple fatal overdoses during this time. As an individual involved in the distribution of heroin and/or fentanyl in the area, Defendant represents a substantial danger to the safety of this community.

2. The investigation in this matter revealed that Defendant is the leader of a heroin and/or fentanyl drug trafficking organization in the Springfield, Missouri, area, and that he has supplied multiple distributors in the area with heroin and/or fentanyl.

3. On or about April 20, 2020, Defendant possessed approximately 331.1 grams of fentanyl and a firearm. That same date, investigators seized processing equipment, including a blender with residue, two boxes of sandwich bags, a box of vinyl gloves, a box of face masks, two digital scales with residue, an empty bottle of Dormin (a cutting agent), empty Dormin capsules, and a pair of used vinyl gloves with residue, from a residence known to law enforcement as one frequented by Defendant for the purpose of diluting the heroin and/or fentanyl he distributes into the Springfield, Missouri, community.

4. Law enforcement records suggest that Defendant has a history of criminal activity that includes the following convictions or adjudications: possession of a controlled substance, tampering in the first degree, resisting or interfere with a felony arrest, distribution of a controlled substance, non-support of 12 payments, and felon in possession of a firearm.

5. Defendant has known ties to St. Louis, Missouri, and Chicago, Illinois.

For the foregoing reasons, the United States requests that a detention hearing be held and that Defendant be denied bail.

> Respectfully submitted,
>
> TIMOTHY A. GARRISON
> United States Attorney
> Western District of Missouri
>
> By    */s/ Jessica R. Keller*
> Jessica R. Keller
> Special Assistant United States Attorney
> Missouri Bar No. 69322
> 901 East St. Louis Street, Suite 500
> Springfield, Missouri 65806-2511

**Certificate of Service**

The undersigned hereby certifies that a copy of the foregoing was delivered on April 21, 2020, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

> */s/ Jessica R. Keller*
> Jessica R. Keller
> Special Assistant United States Attorney